QUESTIONS: 1. What constitutes "the last election in a given election year in which a candidate . . . participates" within the meaning and intent of s. 106.07(5), F.S., and with respect to a candidate for public office who is nominated at the first or second primary and is unopposed in the general election? 2. May such a candidate receive contributions subsequent to his or her nomination at a primary election and, if so, how should such contributions be reported?
SUMMARY: For purposes of s. 106.07(5), F.S., the general election is "the last election in a given election year in which a candidate . . . participates" when the candidate is nominated at the first or second primary and is unopposed in the general election. A candidate who has been nominated in a primary election may receive contributions subsequent to his or her nomination "whether or not the candidate has opposition." Answering question 1: Section 106.07(5), F.S., requires a candidate to file his or her final report within forty-five days of the "last election" in which he participates. It should first be noted that the term "primary election" is defined in s. 97.021(1), F.S., as an . . . election held preceding the general election, for the purpose of nominating a party nominee to be voted for in the general election to fill a national, state or county office. The first primary is a nomination or elimination election, the second primary is a nominating election only. (Emphasis supplied.) Accordingly, a candidate who is successful in the primaries, even though unopposed in the general election, is merely nominated at the primary election and must be voted on at the general election in order to be elected to office. Of course, when a party nominee is unopposed at the general election and there is no write-in candidate, no useful purpose would be served by having the nominee's name appear on the general election ballot; and the vote for the candidate at the general election is by operation of law, namely, s. 101.151(5)(b), F.S., which provides that "[e]ach unopposed candidate shall be deemed to have voted for himself." On the basis of the foregoing, it must be concluded that the general election — as distinguished from the primary election at which a candidate is only nominated — is "the last election in a given election year in which a candidate . . . participates," except, of course, for those candidates who are defeated at the primary elections. Answering question 2: As noted above, a party nominee "participates" in the general election even though he is unopposed in such election. And s. 106.08(1), F.S., which limits the amounts of contributions, concludes with the following language:
The limitations provided by this subsection shall apply to each election in which a candidate or political committee participates. For purposes of this subsection the first primary, second primary, and general election shall be deemed separate elections or election time segments, whether or not the candidate has opposition in the
respective elections. (Emphasis supplied.) The regulation of the amount of contributions which may be received during each election time segment presupposes the right of the candidate to receive contributions during each election time segment; and I have no doubt that a candidate who has been nominated in the primaries may receive contributions subsequent to his or her nomination "whether or not the candidate has opposition." Such contributions should, of course, be reported in the same manner as other campaign contributions.